(Decided 20th June, 1893.)

---

Amelia A. Baden, and others *vs.* J. Turner Perkins, Trustee to complete the collections of John G. Hall, deceased, late Treasurer and Collector.

*Limitations—Allowance by Auditor of Claim for Taxes—Exceptions.*

Certain real estate having been sold for taxes, the sale was finally ratified and confirmed. More than two years after the ratification, on the motion of the widow and heirs-at-law of the

30 v. 77.

former owner, the order was rescinded with leave to the widow and heirs-at-law to file exceptions thereto. On the day of the passage of the order exceptions were filed to the ratification of the sale, on the ground mainly, that the proceedings under which the property was sold were irregular and defective, and, further, that the taxes were barred by limitations, which the exceptants pleaded. Five days after the filing of the exceptions, an order was passed, without disposing of the plea of limitations, allowing the widow and heirs-at-law to redeem the property upon payment into Court of the sum of $242,11, with fifteen per cent. interest from the day of sale. This amount was not paid, and seven days after the passage of the order, a bill was filed by some of the heirs-at-law for a sale of the property as not being susceptible of division among the parties in interest. On the same day a decree was passed for the sale of the property. In the distribution of the proceeds of sale, the auditor allowed the sum of $242.11 with interest thereon. HELD:

That the parties in interest having failed to plead the Statute of Limitations to the allowance of this claim by the auditor, could not afterward rely upon it as a ground for rejecting the claim.

APPEAL from the Circuit Court for Prince George's County, in Equity.

The case is stated in the opinion of the Court.

The cause was argued for the appellants before ROBINSON, C. J., BRYAN, FOWLER, McSHERRY, and BRISCOE, J., and submitted on brief for the appellee. ROBERTS, J., concurred in the decision.

*Frank. H. Stockett,* (with whom were *Woodbury Wheeler,* and *Daniel R. Magruder,* on the brief,) for the appellants.

*Joseph S. Wilson,* and *C. C. Magruder,* for the appellee.

ROBINSON, C. J., delivered the opinion of the Court.

This is, in some respects at least, a remarkable record. The real estate of Basil Baden was on the 23rd July, 1887,

sold at public auction for State and county taxes, one Henry L. Marden being the purchaser. The sale was duly reported to the Circuit Court for Prince George's County, and on the 14th March, 1888, was finally ratified and confirmed. On the 28th of March, 1888, a motion was filed by the widow and heirs-at-law of Baden, to set aside the ratification of the sale, on the ground, that the proceedings were defective and irregular, and further that the parties in interest were willing to redeem the property under the Code, but that Marden, the purchaser, had refused to furnish to them an account of the taxes, costs, and expenses.

On the 13th October, 1890, more than two years after the ratification of the sale, an order was passed by the Court rescinding the order of ratification, with leave to the widow and heirs-at-law of Baden to fill exceptions thereto. On the same day the order was passed, exceptions were filed to the ratification of the sale on the ground mainly that the proceedings under which the property was sold were irregular and defective, and further that the taxes were barred by the Statute of Limitations, which Statute the exceptants pleaded in bar of any demand for the payment of said taxes. On the 18th October, 1890, five days after these exceptions had been filed and without any notice to the purchaser of the real estate, or the collector of taxes, so far as the record discloses, an order was passed by the Court allowing the widow and heirs-at-law to redeem the property, upon the payment by them into Court, of the sum of $242.11 with 15 per cent. interest from the 23rd July, 1887, being the day on which the property was sold by the collector. The order of the Court does not in terms overrule the exceptions to the ratification of the sale, nor does it dispose of the plea of limitations relied on by the exceptants. But as the widow and heirs-at-law were allowed to redeem the property upon the payment into Court of

the amount found to be due on account of taxes, with the fifteen per cent. allowed in such cases by the statute, it must be inferred that the Court meant at least to overrule the exceptions and also the plea of limitations.

On the 25th of October, 1890, just seven days after the order had been passed, a bill was filed by the heirs-at-law of Baden for the sale of the real estate, which had been sold in 1887 for the payment of taxes, on the ground that it was not susceptible of partition among the parties in interest; and on the same day the bill was filed, a decree was passed for the sale of said real estate.

This appeal is from an order of the Court overruling exceptions filed by the widow and heirs-at-law of Baden to an allowance by the auditor in the distribution of the proceeds of sale, of the sum of $242.11, with interest thereon, being the amount, upon the payment of which the widow and heirs-at-law were permitted to redeem the real estate sold by the collector. This amount, it seems, they failed to pay into Court in pursuance of the order of 18th of October, and having failed to pay it, the *purchaser* and *collector* and *all the parties in interest,* and *the Court below* have treated it as a *claim filed* in the distribution of the proceeds of sale for the unpaid taxes. And so treating it, the exceptions to its allowance were it seems to us properly overruled. Sec. 83, Art. 81, Code, provides, it is true, that all county and city taxes shall be collected within four years after the same shall have been levied, and if not collected within that time, the parties from whom such taxes are demanded may plead the section in bar of any recovery. Such taxes are, however, made liens upon the property, and if the party of whom they are demanded intends to rely upon the Statute of Limitations as a bar to their recovery he must plead the Statute, and, unless he does plead it, the lien may be enforced by a sale of the property, even though the taxes have not been collected within four years. Now,

in this case, the exceptants do not plead, nor do they rely upon the Statute as a bar to the allowance of the claim which was filed, and treated as a claim for taxes. They do except to its allowance, but the exception is on the ground that the taxes were not a lien upon the property sold under the decree. And this being so, the exception was properly overruled. It does not seem to us, that the widow and heirs-at-law have any reason to complain of the allowance of this claim. The real estate had, in fact, been sold for the payment of taxes, and this sale had been finally ratified. More than three years after the sale, they were allowed to redeem it upon the payment of the amount found by the Court to be due on account of taxes; and having failed to redeem it according to the order of the Court, they ought not, it would seem, complain because they are now allowed to redeem it, or to pay the claim for taxes, out of the proceeds of sale of the real estate.

For these reasons the order will be affirmed.

*Order affirmed.*

(Decided 20th June, 1893.)